IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
    v.                       )       2:13cr315-MHT
                             )           (WO)
SASHA WEBB                   )
```

OPINION AND ORDER

This case is before the court on defendant Sasha Webb's petition for early termination of supervised release (Doc. 59). The court held a hearing on the petition by videoconference on April 21, 2021. For the following reasons, the petition will be granted.

Courts are authorized to terminate a term of supervised release early "at any time after the expiration of one year of supervised release ... if ... satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute "provides a number of [18 U.S.C. ]§ 3553(a) sentencing factors to be considered in making this determination." *United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017).

These include "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, to protect the public, and to provide correctional treatment for the defendant; the advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense." *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)).

In 2014, Webb pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of aggravated identify theft in violation of 18 U.S.C. § 1028(a)(1) and (c)(5). She was sentenced to a combined 70 months in prison. She started supervised release in April of 2019. Webb has now served just over two years of her three-year term of supervised release. She has had no new arrests during that time

and has not tested positive for any prohibited substances. She has maintained stable housing and employment since being released, although she recently left her longtime job, reportedly due to a lack of childcare for her young child.

In her petition for early termination, Webb stated that being on supervision was holding her back from pursuing certain opportunities. At the hearing on the petition, defense counsel explained that, while at work, Webb has relied on her mother for childcare for her daughter. However, Webb's father has become extremely ill, requiring her mother to provide him with round-the-clock care. As a result, Webb's mother can no longer provide childcare for Webb's child. The child's paternal grandparents, who live in another State, are willing to provide childcare so that Webb can work, but she would need to move to that area in order to take advantage of their assistance, which she

3

would like to do. There would be significant logistical hurdles to moving while under supervision.

The probation officer opposed the petition because Webb had not filed required certain monthly reports and had not regularly made the ordered monthly restitution payments. The government opposed the petition on essentially the same grounds. However, at the hearing on the petition, the probation officer explained that Webb's failure to file forms was due to the difficulty of obtaining the necessary forms during the pandemic. He further noted that more recently she has filed all of the required forms, so that is no longer a concern.

As for the restitution, the probation officer explained that Webb had not paid restitution regularly because she could not afford the payment. He also noted that she made payments the last two months. Webb is a single mother who supports her child and receives no child support. She also is required to pay her mother back for the cost of caring for the child while

Webb was incarcerated. Webb argues that, if the court were to deny her petition for early termination, it would amount to penalizing her for being poor.

After considering the relevant § 3553(a) factors, the court concludes that Webb should be granted early termination of supervised release. While Webb committed a serious offense, she had no prior criminal history. At sentencing, the court gave her a variance because, although the scheme in which she got involved lasted several years, she participated in it for only four months and withdrew from it early on. *See* 18 U.S.C. § 3553(a)(1). She has not had any positive drug screens while on supervision and does not appear to need substance abuse treatment. *See* 18 U.S.C. § 3553(a)(2)(C) & (D). Given the lengthy prison sentence she served and her lack of criminal activity in the two years since her release from prison, there is no further need to deter her from crime or to

protect the public from her.  *See* 18 U.S.C. § 3553(a)(2)(B) & (C).

"Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000).  Webb has worked to care for her child for almost all of her supervision term.  Although she has been unable to pay her restitution on a regular basis due to poverty, Webb has otherwise successfully transitioned to community life.  The court will not maintain her on supervised release simply because she is too poor to make restitution payments on a regular basis; in other words, she has done the best that she can.  Such a decision would be fundamentally unfair.  *Cf. Bearden v. Georgia*, 461 U.S. 660, 668-69 (1983) (finding when defendant has made bona fide efforts to pay, it would be fundamentally unfair to revoke probation and imprison defendant automatically based solely on inability to pay restitution or fine).  Moreover,

6

ending Webb's supervision, and thereby allowing her to move and obtain childcare from her child's paternal grandparents, should facilitate her payment of restitution. *See* 18 U.S.C. § 3553(a)(7).

***

Accordingly, it is ORDERED that:

(1) The petition (Doc. 59) is granted.

(2) Defendant Sasha Webb's term of supervised release is terminated effective immediately, and she is discharged.

DONE, this the 26th day of April, 2021.

                                             /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE